UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
FERNANDO BARROSO,

                      Plaintiff,                       **MEMORANDUM AND ORDER**
                                                                        12-CV-625 (RRM) (JMA)

- against -

OFFICE OF GENERAL COUNSEL, VICE
CHANCELLOR OF LEGAL AFFAIRS, CUNY,

                      Defendants.
----------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

       On February 6, 2012, plaintiff Fernando Barroso, proceeding *pro se* and *in forma pauperis*, commenced this action against the City University of New York ("CUNY") and CUNY's Vice Chancellor of Legal Affairs, in his official capacity (together, "defendants"), alleging age discrimination under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq*. (Compl. (Doc. No. 1). Currently before the Court is defendants' motion to dismiss Barroso's amended complaint (Am. Compl. (Doc. No. 19)) pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Doc. Nos. 22–25.) For the reasons that follow, defendants' motion is granted.

## BACKGROUND

       Barroso, who has been a CUNY employee since 1992, is a licensed exterminator who works at CUNY's Hunter College ("Hunter"). On September 28, 2011, Barroso filed a charge with the Equal Employment Opportunity Commission ("EEOC"), alleging that on July 20, 2011, presumably in a job interview for a "laborer" position, "Peter Plevritis-Administrative Superintendent" discriminated and retaliated against Barroso based on race and age, by asking "questions . . . for extermination, not laborer, laborer is moving furniture among other things."

(Decl. of Alissa Wright Supp. Defs.' First Mot. to Dism. (Doc. No. 11) Ex. 1 (the "EEOC Charge").) The EEOC subsequently issued a Dismissal and Notice of Rights to Sue letter, which Barroso received on November 7, 2011. (Compl. at 7.)

On February 6, 2012, Barroso filed his original complaint in the instant action, alleging that CUNY discriminated against him on the basis of his age. Specifically, Barroso alleged that since 2003, he had applied for several higher-paying, non-exterminator jobs but, despite his qualifications, was not hired for any of them. Barroso asserted multiple, and sometimes conflicting, reasons for his inability to obtain these jobs, alleging not only that certain individuals at CUNY told him his age was a factor, but also that Hunter needed him to continue doing extermination work, that it would be inconvenient for Hunter to give him a different job, that Hunter had no incentive to promote him, that he failed to answer certain interview questions correctly, and that CUNY's job posts were disingenuous because CUNY already had someone in mind for jobs prior to advertising them, perhaps due to favoritism or nepotism. (*See* Compl. at 5, 7; Pl.'s Mem. of L. Opp'n First Mot. to Dism. ("Pl. Orig. Br.") (Doc. No. 13) at 4–5.) Barroso also alleged, albeit not clearly, that he suffered unspecified retaliation after somebody made a phone call to the New York Fire Department. (*See* Compl. at 6.) Barroso did not include the claim concerning Plevritis that he had raised in his earlier EEOC Charge.

On August 9, 2013, the Court granted defendants' motion to dismiss the original complaint, pursuant to Fed. R. Civ. P. 12(b)(1) and (6). (Aug. 9, 2013 Order (Doc. No. 18).) The Court found that the Eleventh Amendment barred all of Barroso's claims, and in any event, the claims were unexhausted and, therefore, procedurally barred. (*Id*. at 4–8.) Further, although Barroso did not raise his one exhausted claim in his original complaint, the Court noted that this claim would fail under Rule 12(b)(6) in any event because Barroso described neither

2

discriminatory conduct nor a nexus between any protected conduct and any adverse employment action. (*Id*. at 9–10.) Because of Barroso's *pro se* status, the Court granted him leave to file an amended complaint alleging viable claims consistent with the Court's Order. (*Id*. at 10.)

On November 7, 2013 Barroso filed an amended complaint, which contains the following new allegations: (1) Hunter "practices favoritism and nepotism in its hiring practices" (Am. Compl. ¶¶ 1–2); (2) "Management" at Hunter has given Barroso "misleading" information about whether Hunter's Central Office plays a role in hiring – specifically, while Associate Director of Facilities Management Maria Holder told Barroso that the Central Office plays a role in hiring, Director of Human Resources Serafina Dolan told Barroso that it does not (*id*. ¶ 7); and (3) Barroso's union delegate, Jose Sierra, told Barroso that the union could not assist him because "'Hunter does what it wants to do'" (*id*. ¶ 9). Barroso does not mention age or discrimination in the amended complaint.

## DISCUSSION

### I. Standard of Review

A plaintiff must establish that the court has subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1); 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Rene v. Citibank CA*, 32 F. Supp. 2d 539, 541–42 (E.D.N.Y. Jan. 11, 1999) (dismissing *pro se* complaint for lack of subject matter jurisdiction). Subject matter jurisdiction exists in federal court only when the (1) complaint presents a federal question, 28 U.S.C. § 1331, or (2) plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000.00, *id*. § 1332. "[S]ubject-matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002).

3

A plaintiff must also plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see* Fed. R. Civ. P. 12(b)(6). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The determination of whether "a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

The Court construes a *pro se* plaintiff's allegations liberally, to raise the strongest arguments that they suggest. *Triestman v. Federal Bureau of Prisons,* 470 F.3d 471, 474 (2d Cir. 2006). However, 28 U.S.C. § 1915(e)(2)(B) requires a court to dismiss an *in forma pauperis* action that (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant immune from such relief. A plaintiff's *pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Rene*, 32 F. Supp. 2d at 541 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## II. The Amended Complaint Must Be Dismissed

The amended complaint suffers from the same infirmities as the original complaint and must, therefore, be dismissed. As the Court explained in the August 9, 2013 Order, the sovereign immunity protections of the Eleventh Amendment bar Barroso's claims. (*See* Aug. 9, 2013 Order at 4–7 (citing *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54–56 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 97–100 (1984); *McGinty v. State of New York*, 251 F.3d 84, 95 (2d Cir. 2001); *Clissuras v. City Univ. of New York,* 359 F.3d 79, 81 & n. 2 (2d Cir. 2004); *Sacay v. Research Found. of City Univ. of New York*, 193 F. Supp. 2d 611,

625 (E.D.N.Y. 2002); *Schwartz v. York Coll*ege, No. 06 CV 6754, 2009 WL 3259379, at *2 n.8 (E.D.N.Y. Mar. 31, 2009); *Posr v. Court Officer Shield No. 207*, 180 F.3d 409, 414 (2d Cir. 1999); *Farid v. Smith*, 850 F.2d 917, 921 (2d Cir. 1988)). In fact, Barroso does not contest this; rather, he complains that defendants are "hid[ing] behind the Eleventh Amendment." (Pl.'s Mem. of L. Opp'n Second Mot. to Dism. ("Opp'n Br.") (Doc. No. 22) at 3).) Accordingly, for the reasons the Court explained in the August 9, 2013 Order, Barroso's claims must be dismissed, pursuant to Fed. R. Civ. P. 12(b)(1), as barred by the Eleventh Amendment.

Moreover, the amended complaint, like the original complaint, also fails because Barroso's allegations are unexhausted and fail to state a claim. As noted above, the only claim Barroso raised in his EEOC Charge concerned an alleged interview with Plevritis. Barroso's allegations in the amended complaint are neither part of that EEOC Charge nor reasonably related to it. (*See* Aug. 9, 2013 Order at 7–8 (citing *Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d Cir. 2001); *Kassner v. 2nd Avenue Delicatessen Inc.*, 496 F.3d 229, 237–38 (2d Cir. 2007); *Amtrak v. Morgan*, 536 U.S. 101, 113 (2002); *Williams v. NYC Housing Auth.*, 458 F.3d 67, 70 (2d Cir. 2006) (*per curiam*); *see Guerrero v. FJC Sec. Servs. Inc.*, No. 10 CV 9027, 2012 WL 2053535, at *5 (S.D.N.Y. June 5, 2012)). Barroso does not make any allegations in the amended complaint that overcome this procedural bar. Apparently aware of this deficiency, Barroso makes a vague assertion in his opposition papers that a pattern of discrimination "is more fully discernible when viewed over the course of the Plaintiff's entire career," and argues that even if his claims are time-barred, this "does not mitigate the fact that the Defendant discriminated against him." (Opp'n Br. at 2.) This response reiterates Barroso's belief that defendants subjected him to a pattern of discrimination but does not address his failure to exhaust the claims, demonstrate that he could still timely raise any of the claims before the

5

EEOC, or establish that any of his claims is reasonably related to the claim in the EEOC Charge. Accordingly, the claims in the amended complaint are procedurally barred.

Finally, even if the new allegations in the amended complaint were not otherwise barred, Barroso fails to state a claim for relief. To state a claim for age discrimination in violation of the ADEA, a plaintiff must allege that (1) he was within the protected age group, (2) he was qualified for the position, (3) he was subject to an adverse employment action, and (4) the action occurred under circumstances giving rise to an inference of discrimination. *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 106–07 (2d Cir. 2010). "A plaintiff sustains an adverse employment action if he . . . endures a materially adverse change in the terms and conditions of employment." *Galabya v. New York City Bd. of Educ.*, 202 F.3d 636, 640 (2d Cir. 2000) (internal quotation marks and citations omitted). The change in working conditions must be "more disruptive than a mere inconvenience or an alteration of job responsibilities." *Id*. Such a change "might be indicated by a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices . . . unique to a particular situation." *Id*.

Barroso does not even mention age, discrimination, or the ADEA in his amended complaint. Even when coupled with his original complaint, and even when all allegations are taken as true and construed to raise the strongest possible arguments, Barroso's amended complaint does not state facts to support a reasonable inference that CUNY subjected him to an adverse employment action because of his age or some other protected characteristic. *See Iqbal*, 556 U.S. at 678; *see also*, *Fleming v. Doe*, No. 07 CV 5428, 2008 WL 141930, at *1 (E.D.N.Y. Jan. 14, 2008) ("[B]ecause plaintiff is proceeding *pro se*, the court must liberally construe his pleadings, and must interpret his complaint to raise the strongest arguments it suggests.")

6

Barroso's first new allegation – that Hunter practices favoritism and nepotism in its hiring practices – is a conclusory characterization devoid of any details or context to support an inference of unlawful discrimination. *See Tappe v. Alliance Capital Mgmt. L.P.*, 177 F. Supp. 2d 176, 185 n.9 (S.D.N.Y. 2001) ("An employer can fire an employee for any reason as long as the reason is non-discriminatory even if based on reasons that are 'unbecoming or small-minded, such as back-scratching, log-rolling, horse-trading, institutional politics, envy, nepotism, spite, or personal hostility.'") (quoting *Fisher v. Vassar College*, 114 F.3d 1332, 1337 (2d Cir. 1997)). Barroso's second new allegation – that he received conflicting information concerning whether Hunter's Central Office plays a role in hiring – does not state that Barroso suffered an adverse employment action or plead "any facts sufficient to create a reasonable inference that age discrimination was a determining factor" in his receiving this conflicting information. *Chacko v. Woodhull Med. Ctr.*, No. 13 CV 289, 2013 WL 527688, at *2 (E.D.N.Y. Feb. 11, 2013) (dismissing complaint for failure to state claim); *see Ongsiako v. City of New York*, 199 F. Supp. 2d 180, 186 (S.D.N.Y. 2002) ("While there is no bright-line rule as to what constitutes an adverse employment action, the Second Circuit emphasizes that 'not every unpleasant matter short of [discharge or demotion] creates a cause of action.'") (quoting *Wanamaker v. Columbian Rope Co.*, 108 F.3d 462, 466 (2d Cir.1997)). Finally, Barroso's third new allegation – that the union delegate told him the union could not assist him because "'Hunter does what it wants to do'" – conveys the union delegate's proffered explanation for failing to assist Barroso but no facts concerning Hunter's conduct. (*Id.* ¶ 9.)[1] In light of these deficiencies, Barroso fails to state a claim in the amended complaint.

---

[1] Barroso, moreover, does not name the union as a defendant or allege that the union breached its duty of fair representation. *See, e.g., Velasquez v. Metro Fuel Oil Corp.*, No. 12 CV 1548, 2014 WL 1343128, at *9 (E.D.N.Y. Mar. 31, 2014) ("In order to establish a violation of . . . the ADEA by a labor organization, a plaintiff would have to show, at a minimum, that the union breached its duty of fair representation and that its actions were motivated by discriminatory animus.") (internal quotation marks and alterations omitted).

For all the foregoing reasons, the amended complaint cannot withstand defendants' motion to dismiss.

## CONCLUSION

Defendants' motion to dismiss the amended complaint is granted.

The Clerk of Court is directed to close this case in accordance with the accompanying Judgment, mail a copy of this Memorandum and Order and the Judgment to Barroso at the address the docket lists for him, and note the mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and therefore, *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*Roslynn R. Mauskopf*

Dated: Brooklyn, New York
September 22, 2014

_____
ROSLYNN R. MAUSKOPF
United States District Judge